UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>DAVID SMERLING,<br><br>        Defendant | Criminal No. 25cr10037<br><br>Violations:<br><br><u>Counts One—Three</u>: Wire Fraud<br>(18 U.S.C. § 1343)<br><br><u>Counts Four—Five</u>: Money Laundering<br>(18 U.S.C. § 1956(a)(1)(B)(i))<br><br><u>Wire Fraud Forfeiture Allegation</u>:<br>(18 U.S.C. § 981(a)(1)(C) and<br>28 U.S.C. § 2461)<br><br><u>Money Laundering Forfeiture Allegation</u>:<br>(18 U.S.C. § 982(a)(1)) |

<u>INDICTMENT</u>

At all times relevant to this Indictment:

<u>General Allegations</u>

1. The defendant, DAVID SMERLING, lived in Massachusetts.

2. Victim A and Victim B were a married couple living in Massachusetts.

3. Victim B maintained a checking account with an account number ending in 8859 at Citizens Bank ("the Victim B Account").

4. Company 1 was a Massachusetts limited liability company. SMERLING and Victim A were the managers of Company 1. Victim A owned a 75 percent interest in Company 1, and SMERLING owned a 25 percent interest in Company 1. Company 1 maintained a checking account with an account number ending in 3466 at Citizens Bank ("the Company 1 Account").

1

5. Company 2 was a Massachusetts corporation. Victim A was the sole owner of Company 2. Company 2 maintained a checking account with an account number ending in 7146 at Citizens Bank ("the Company 2 Account").

6. Company 3 was a Massachusetts realty trust benefitting Victim A and Victim B's children. Victim A and Victim B were the sole trustees of Company 3. Company 3 maintained a checking account with an account number ending in 4703 at Citizens Bank ("the Company 3 Account").

7. In or about 2014, Victim A hired SMERLING to oversee the bookkeeping for Companies 1, 2, and 3 (together "the Companies") and for Victim A and Victim B's personal financial accounts. In connection with this role, Victim A provided SMERLING with the online log-in information for the Companies' and Victim A and Victim B's bank accounts. Victim A agreed to pay SMERLING a monthly fee for his services, which Victim A paid from the Company 1 Account.

8. Citizens Bank was a financial institution within the meaning of Title 18, United States Code, Section 20, headquartered in Rhode Island.

## Scheme to Defraud

9. Beginning no later than in or about January 2016 and continuing through in or about May 2020, SMERLING embezzled more than $2.5 million from the Companies. SMERLING executed his scheme by, among other things:

   a. Making unauthorized transfers in excess of his monthly fee from the Company 1 Account to bank accounts SMERLING controlled;

2

b. Using Company 1 funds to pay for personal expenses that SMERLING charged to an American Express Business Platinum account that SMERLING had opened in the name of Company 1;

c. Offering unauthorized compensation to another employee of the Companies in exchange for a kickback;

d. Making unauthorized transfers from the Company 2 Account and the Company 3 Account to bank accounts in SMERLING's name;

e. Making unauthorized transfers from the Company 2 Account and the Company 3 Account to the Victim B Account, which SMERLING controlled, before sending the funds on to bank accounts in SMERLING's name; and

f. Applying for loans with American Express in the names of Victim A and Victim B without their knowledge or authorization and directing loan proceeds through the Company 2 Account to the Victim B Account that SMERLING controlled, before sending the funds to bank accounts in SMERLING's name.

10. SMERLING concealed his scheme by, among other things:

a. Changing the mailing address on the Victim B Account so that Citizens Bank mailed accounts statements to SMERLING's home address;

b. Opening a business account at Citizens Bank with an account number ending in 5651 in the name "DAVID SMERLING as attorney for

      [Company 1]" ("the SMERLING Company 1 Account") to make transactions through that account appear to be legitimate; and

c. Refusing to share the online banking password for the Companies' accounts at Citizens Bank with Victim A, Victim B, or an employee of the Companies who was hired to assist with bookkeeping.

COUNTS ONE—THREE
Wire Fraud
(18 U.S.C. § 1343)

The Grand Jury charges:

11. The Grand Jury re-alleges and incorporates by reference paragraphs 1 to 10 of this Indictment.

12. On or about the dates below, in the District of Massachusetts and elsewhere, the defendant,

DAVID SMERLING,

having devised and intending to devise a scheme and artifice to defraud, and for obtaining money and property by means of materially false and fraudulent pretenses, representations, and promises, did transmit and cause to be transmitted by means of wire communications in interstate and foreign commerce, writings, signs, signals, pictures, and sounds for the purpose of executing the scheme to defraud, as set forth below:

| Count | Approximate Date | Online Transfer | Sending Account | Receiving Account |
|---|---|---|---|---|
| 1 | 02/06/2020 | $100,000 | Company 2 Account | Victim B Account |
| 2 | 03/27/2020 | $350,000 | Company 3 Account | Victim B Account |
| 3 | 05/26/2020 | $350,000 | Company 3 Account | SMERLING Company 1 Account |

All in violation of Title 18, United State Code, Section 1343.

5

<u>COUNTS FOUR-FIVE</u>
Money Laundering
(18 U.S.C. § 1956(a)(1)(B)(i))

The Grand Jury further charges:

13.   The Grand Jury re-alleges and incorporates by reference paragraphs 1 to 10 of this Indictment.

14.   On or about the dates below, in the District of Massachusetts and elsewhere, the defendant,

DAVID SMERLING,

conducted and attempted to conduct the financial transactions described below, knowing that the property involved in such transactions represented the proceeds of some form of unlawful activity, and which in fact involved the proceeds of specified unlawful activity, that is, wire fraud, in violation of Title 18, United States Code, Section 1343, as charged in Counts One and Two, and knowing that the transactions were designed, in whole and in part, to conceal and disguise the nature, location, source, ownership, and control of the proceeds of specified unlawful activity.

| Count | Approximate Date | Online Transfer | Sending Account | Receiving Account |
|---|---|---|---|---|
| 4 | 02/06/2020 | $110,000 | Victim B Account | SMERLING Company 1 Account |
| 5 | 03/27/2020 | $350,000 | Victim B Account | SMERLING Company 1 Account |

All in violation of Title 18, United States Code, Section 1956(a)(1)(B)(i).

## WIRE FRAUD FORFEITURE ALLEGATION
(18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c))

15. Upon conviction of one or more of the offenses in violation of Title 18, United States Code, Sections 1343, set forth in Counts One through Three, the defendant,

DAVID SMERLING,

shall forfeit to the United States, pursuant to Title 18, United States Code, Section 981(a)(1)(C), and Title 28, United States Code, Section 2461(c), any property, real or personal, which constitutes or is derived from proceeds traceable to the offenses.

16. If any of the property described in Paragraph 15, above, as being forfeitable pursuant to Title 18, United States Code, Section 981(a)(1)(C), and Title 28, United States Code, Section 2461(c), as a result of any act or omission of the defendant --

   a. cannot be located upon the exercise of due diligence;

   b. has been transferred or sold to, or deposited with, a third party;

   c. has been placed beyond the jurisdiction of the Court;

   d. has been substantially diminished in value; or

   e. has been commingled with other property which cannot be divided without difficulty;

it is the intention of the United States, pursuant to Title 28, United States Code, Section 2461(c), incorporating Title 21, United States Code, Section 853(p), to seek forfeiture of any other property of the defendant up to the value of the property described in Paragraph 15 above.

All pursuant to Title 18, United States Code, Section 981(a)(1)(C), and Title 28, United States Code, Section 2461(c).

## MONEY LAUNDERING FORFEITURE ALLEGATION
(18 U.S.C. § 982(a)(1))

17. Upon conviction of one or more of the offenses in violation of Title 18, United States Code, Sections 1956, set forth in Counts Four and Five, the defendant,

DAVID SMERLING,

shall forfeit to the United States, pursuant to Title 18, United States Code, Section 982(a)(1), any property, real or personal, involved in such offenses, and any property traceable to such property.

18. If any of the property described in Paragraph 17, above, as being forfeitable pursuant to Title 18, United States Code, Section 982(a)(1), as a result of any act or omission of the defendant --

   a. cannot be located upon the exercise of due diligence;

   b. has been transferred or sold to, or deposited with, a third party;

   c. has been placed beyond the jurisdiction of the Court;

   d. has been substantially diminished in value; or

   e. has been commingled with other property which cannot be divided without difficulty;

it is the intention of the United States, pursuant to Title 18, United States Code, Section 982(b), incorporating Title 21, United States Code, Section 853(p), to seek forfeiture of any other property of the defendant up to the value of the property described in Paragraph 17 above.

All pursuant to Title 18, United States Code, Section 982(a)(1).

A TRUE BILL

_____
FOREPERSON

_____
KRISTEN A. KEARNEY
ASSISTANT UNITED STATES ATTORNEY
DISTRICT OF MASSACHUSETTS

District of Massachusetts: January 30, 2025
Returned into the District Court by the Grand Jurors and filed.

_____      01/30/2025
DEPUTY CLERK

9