UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| v. | ) |
| | ) |
| DAVID SMERLING, | )  Criminal No. 25-10037-RGS |
| | ) |
| Defendant. | ) |

**UNITED STATES' MOTION FOR (1) PRELIMINARY ORDER OF FORFEITURE
and (2) ORDER OF FORFEITURE (MONEY JUDGMENT)**

The United States of America, by its attorney, Leah B. Foley, United States Attorney for the District of Massachusetts, respectfully moves this Court for the issuance of a Preliminary Order of Forfeiture and an Order of Forfeiture (Money Judgment), in the above-captioned case pursuant to 18 U.S.C. §§ 981(a)(1)(C) and 28 U.S.C. § 2461(c), 18 U.S.C. § 982(a)(1) and Rule 32.2(b) of the Federal Rules of Criminal Procedure. Proposed Orders of Forfeiture are submitted herewith. In support thereof, the United States sets forth the following:

1.  On May 19, 2025, the United States Attorney for the District of Massachusetts filed a seven-count Superseding Information charging defendant David Smerling (the "Defendant") with four counts of Wire Fraud, in violation of 18 U.S.C. § 1343 (Counts One through Four), two counts of Money Laundering, in violation of 18 U.S.C. § 1956(a)(1)(B)(i) (Counts Five and Six), and one count of Aggravated Identity Theft, in violation of 18 U.S.C. § 1028A(a)(1) and 3147 (Count Seven).

2.  The Superseding Information also included a Wire Fraud Forfeiture Allegation, pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c), which provided notice that the United States intended to seek the forfeiture, upon conviction of the Defendant of any offense alleged in Counts One through Four of the Superseding Information, of any property, real or

personal, which constitutes or is derived from proceeds traceable to the offenses. The property to be forfeited specifically included, without limitation, the following:

    a.    $3,120,000, to be entered in the form of a forfeiture money judgment.

3.    The Superseding Information further provided that, if any of the above-described forfeitable property, as a result of any act or omission by the Defendant, (a) cannot be located upon the exercise of due diligence; (b) has been transferred or sold to, or deposited with, a third party; (c) has been placed beyond the jurisdiction of the Court; (d) has been substantially diminished in value; or (e) has been commingled with other property which cannot be divided without difficulty, the United States is entitled to seek forfeiture of any other property of the Defendant, up to the value of such assets described in Paragraphs 2 and 3 above, pursuant to 21 U.S.C. § 853, as incorporated by 28 U.S.C. § 2461(c).

4.    On June 10, 2025, at a hearing pursuant to Rule 11 of the Federal Rules of Criminal Procedure, the Defendant pled guilty to Counts One through Seven of the Superseding Information, pursuant to a written plea agreement that he signed on May 16, 2025. *See* Docket No. 46. In Section 7 of the plea agreement, the Defendant agreed to forfeit to the United States $3,120,000 on the grounds that such amount is equal to the amount of proceeds the Defendant derived from the offenses. *Id.* at page 5.

5.    On June 20, 2025, pursuant to a seizure warrant issued by the Court on that same date, the Federal Bureau of Investigation seized funds from a Citizens Bank checking account ending in x8835 in the amount of $13,849.99 (the "Currency"). The Currency is subject to forfeiture because it constitutes or is derived from, or is traceable to, proceeds of the Defendant's offenses. In Section 7 of the plea agreement, the Defendant waived and released any claims to

2

any vehicles, currency, or other personal property seized by the United States, or seized by any state or local law enforcement agency and turned over to the United States, during the investigation and prosecution of this case and consented to the forfeiture of such assets. Docket No. 46, p. 6. The United States has conferred with counsel to the Defendant, and the Defendant does not object to the forfeiture of the Currency.

## Money Judgment

6.      Based on the Defendant's admissions in the written plea agreement and his guilty plea on June 10, 2025, the United States is entitled to an Order of Forfeiture (Money Judgment) consisting of a personal money judgment against the Defendant, in the amount of $3,120,000, pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c).[1] This amount represents the proceeds of the Defendant's crimes.

7.      The entry of an Order of Forfeiture in the form of a personal money judgment is specifically authorized by Rule 32.2(b)(1) and (c)(1) of the Federal Rules of Criminal Procedure, and such orders of forfeiture are commonplace.  *See*, *e.g.*, *United States v. Ponzo*, 853 F.3d 558, 589-90 (1st Cir. 2017) (criminal forfeiture order may take several forms, including an *in personam* judgment against defendant for amount of money defendant obtained as proceeds of offense); *United States v. Zorrilla-Echevarria*, 671 F.3d 1, 11 n. 15 (1st Cir. 2011) ("A criminal forfeiture may take the form of either (1) 'an in personam judgment against the defendant for the amount of money the defendant obtained as proceeds of the offense,' (2) forfeiture of specific assets related to criminal activity, or (3) forfeiture of 'substitute assets' if the specific assets are unavailable.")

---

[1] The United States will credit the net proceeds from the forfeiture of the Currency towards the forfeiture money judgment after the entry of a final order of forfeiture with respect to the Currency.

(citation omitted); *United States v. Hall*, 434 F.3d 42, 59 (1st Cir. 2006) (same).

8. Once the Order of Forfeiture is entered, the United States may move at any time, pursuant to Rule 32.2(e)(1)(B), to amend the Order to forfeit specific property of the Defendant, having a value up to the amount of the money judgment. *See United States v. Zorrilla-Echevarria*, 671 F.3d 1, 11 n. 15 (1st Cir. 2011) ("[a] money judgment permits the government to collect on the forfeiture order … even if a defendant does not have sufficient funds to cover the forfeiture at the time of the conviction, the government may seize future assets to satisfy the order"); *United States v. Saccoccia,* 564 F.3d 502, 506-507 (1st Cir. 2009) (once government obtains money judgment, it may move at any time to forfeit direct or substitute assets in partial satisfaction of that judgment).

9. Upon entry of the Order of Forfeiture, the United States may also, pursuant to Rule 32.2(b)(3) of the Federal Rules of Criminal Procedure, "conduct any discovery the court considers proper in identifying, locating or disposing of the property" that has been forfeited to the United States. Such discovery may include the taking of depositions of witnesses. *See* 21 U.S.C. § 853(m), as incorporated by 28 U.S.C. § 2461(c) (making Section 853 applicable to all criminal forfeiture cases); *see also United States v. Saccoccia,* 354 F.3d 9, 15 (1st Cir. 2003) ("the government may utilize its enforcement powers under [18 U.S.C. §] 1963(k) to 'trace' tainted funds"); *United States v. Saccoccia*, 898 F. Supp. 53, 60 (D.R.I. 1995) (the United States can take depositions of defense counsel to determine source of their fees for the purpose of locating a pool of assets controlled by defendant that is subject to forfeiture). In addition, the reference in Rule 32.2(b)(3) to "any discovery the court considers proper" necessarily permits the court to authorize discovery under the Federal Rules of Civil Procedure. Such discovery includes, but is not limited

4

to, the authority to issue a request for documents to a party under Rule 34 and to a non-party under Rules 34(c) and 45.

## **Preliminary Order of Forfeiture**

10. In light of the Defendant's guilty plea and admissions in the plea agreement, and his indication through counsel that he does not object to the seizure of the Currency, the United States has established the requisite nexus between the Currency and the offenses to which the Defendant pled guilty. Accordingly, the Currency is subject to forfeiture to the United States pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c).

11. Pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c) and Rule 32.2(b)(2) of the Federal Rules of Criminal Procedure, the United States is entitled to a Preliminary Order of Forfeiture against the Currency.

12. Upon the issuance of a Preliminary Order of Forfeiture and pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c) and Rule 32.2(b)(6)(C) of the Federal Rules of Criminal Procedure, the United States shall publish, for thirty (30) consecutive calendar days on the government forfeiture website www.forfeiture.gov, notice of the Preliminary Order of Forfeiture, notice of the United States' intent to dispose of the Currency, and notice that any person, other than the Defendant, having or claiming a legal interest in the Currency must file a petition with the Court within sixty (60) days after the first day of publication on the government forfeiture website or within thirty (30) days after receipt of actual notice, whichever is earlier.

13. This notice shall state that the petition shall be for a hearing to adjudicate the validity of the petitioner's alleged interest in the Currency, shall be signed by the petitioner under penalty of perjury, and shall set forth the nature and extent of the petitioner's right, title or interest

in the forfeited Currency and any additional facts supporting the petitioner's claim and the relief sought.

14. The United States may also, to the extent practicable, provide direct written notice to any person known to have alleged an interest in the Currency that are the subject of the Preliminary Order of Forfeiture as a substitute for published notice as to those persons so notified.

WHEREFORE, the United States requests that this Court:

(a) enter the Order of Forfeiture (Money Judgment) in the form submitted herewith;

(b) enter the Preliminary Order of Forfeiture in the form submitted herewith;

(c) retain jurisdiction in the case for the purpose of enforcing the Preliminary Order of Forfeiture and the Order of Forfeiture (Money Judgment);

(d) include the forfeiture, as set forth in the Preliminary Order of Forfeiture and in the Order of Forfeiture (Money Judgment), in the oral pronouncement of the Defendant's sentence; and

(e) incorporate the Preliminary Order of Forfeiture and the Order of Forfeiture (Money Judgment) in the criminal judgment entered against the Defendant, pursuant to Federal Rule of Criminal Procedure 32.2(b)(4).

Respectfully submitted,

LEAH B. FOLEY
United States Attorney,

By: */s/ Raquelle L. Kaye*
RAQUELLE L. KAYE
KRISTEN A. KEARNEY
Assistant United States Attorney
United States Attorney's Office
1 Courthouse Way, Suite 9200
Boston, MA 02210
(617) 748-3100
raquelle.kaye@usdoj.gov

Dated: September 23, 2025